CITY OF JACKSON v. ALABAMA & V. RY. Co. et al.

(Division B. April 8, 1935.)

[160 So. 602. No. 31633.]

W. E. Morse, of Jackson, for appellant.

530

May, Sanders, McLaurin & Byrd, and Flowers, Brown & Hester, all of Jackson, and Chas. N. Burch, of Memphis, Tenn., and E. C. Craig, of Chicago, Illinois, for appellees.

Argued orally by **W. E. Morse,** for appellant, and by **J. L. Byrd,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed its bill in the chancery court of Hinds county against appellees, Alabama & Vicksburg Railway Company, Yazoo & Mississippi Valley Railroad Company, New Orleans Great Northern Railroad Company, and Gulf, Mobile & Northern Railroad Company, to establish its title, and cancel appellees' claim of title, to the south half of Court Square 1, South Jackson, First district of Hinds county, and to recover possession thereof. The case was tried on bill, answers, and proofs, resulting in a decree dismissing appellant's bill. From that decree, appellant appeals to this court. There is no real conflict in the material evidence.

Some time prior to 1838, the federal government donated to the state of Mississippi for a seat of govern-

ment two sections of land in Hinds county, where the city of Jackson and the state buildings are now located. On February 16, 1838, the Legislature adopted a statute providing for the platting and sale of the unsold lots in the city of Jackson, but providing that before the sale took place the commissioners named for the purpose should, together with the governor and commissioner of public buildings, select and reserve from "blank squares" a sufficiency of lots as grounds for the public health, ornament, and convenience of the city, and that such reservation be entered of record in the clerk's office of the police courts of Hinds and Rankin counties. Hutchinson's Code, 1798 to 1848, pp. 110, 111.

Appellant's case is based on the theory that the south half of Court Square 1, South Jackson, is a part of those reservations and that dedication. On the 1st day of August, 1883, more than fifty years before this suit was brought, the mayor and aldermen of the city of Jackson adopted an ordinance authorizing the mayor, John McGill, to convey to the Vicksburg & Meridian Railroad Company the lot involved, upon condition that the railroad company erect and keep continuously in use thereon a freight depot, with all necessary side tracks, turnouts, switches, etc., the title to reinvest in the city "the instant the said condition is broken." The conveyance was accordingly made on the 13th day of September, 1883. The Vicksburg & Meridian Railroad Company was foreclosed by mortgage bondholders and purchased by appellee, the Alabama & Vicksburg Railway Company. The latter company leased its entire property and franchises to appellee Yazoo & Mississippi Valley Railroad Company; and the other appellees, New Orleans Great Northern Railroad Company, and Gulf, Mobile & Northern Railroad Company, are lessees of freight depot rights in the property from the appellee Yazoo & Mississippi Valley Railroad Company.

Appellant relies on three propositions for reversal of the decree: (1) That the dedication by the state of the lot was for public health, ornament, and convenience of the city, and that use as a freight depot comes within none of those purposes, therefore, the conveyance was without authority and void; (2) that the city was without authority under its charter to make the conveyance; and (3) that the condition that the lot be used for freight depot purposes had been breached, and therefore the lot reverted, under the conveyance, to the city. We will consider those contentions in the order stated.

1. Is the maintenance of a freight depot in the city a public convenience? We think that to ask the question is to answer it in the affirmative.

2. On February 22, 1840, the Legislature passed an act to repeal all acts theretofore incorporating the city of Jackson, and to reincorporate it and define its powers and boundaries. The act provided, among other things, that the mayor and aldermen shall be "known and distinguished by the name and style of mayor and aldermen of the city of Jackson, and as such shall constitute a body corporate and politic, and shall have and exercise all the powers, rights and privileges usually appertaining or belonging to bodies corporate and politic." If nothing else stood in the way, it is manifest that that provision of the charter conferred full power on the city to sell and convey real estate belonging to it. Appellant contends, however, that conceding that the city had authority to convey its real estate generally, such authority did not extend to the lot here involved, because it constituted a part of the dedication by the state to the city of various lots and squares set aside by the commissioners under the act of 1838 for public health, ornament, and convenience. To show that the lot was so dedicated appellant introduced an old map, known as the Smith map, made many years ago. This map undertook to show

what lots and squares were dedicated and set aside for public health, ornament, and convenience. The south half of Court Squares 1, the lot here involved, is not described as part of the dedication. The map describes as part of the dedication "Court Squares ———— and 2." Appellant would have the court supply "1" where the blank is. It devolved upon appellant to show that Court Square 1 was a part of the dedication. The evidence in the case showed that Court Square 2 is occupied by various industries and tenants, and that the north half of Court Square 1 is likewise occupied. In other words, the exact necessary proof that the south half of Court Square 1 was part of the dedication is now at this late date beyond reach of the court.

The state, as well as its political subdivisions, is subject to the doctrine of laches. State v. Woodruff et al., 170 Miss. 744, 150 So. 760; Aetna Ins. Co. v. Robertson, 131 Miss. 343, 94 So. 7, 95 So. 137; City of Jackson v. Merchants' Bank & Trust Co., 112 Miss. 537, 73 So. 573. This is the type of case to which the doctrine ought to be applied. The principle applies where on account of lapse of time evidence is lost. Comans v. Tapley, 101 Miss. 203, 57 So. 567, Ann. Cas. 1914B, 307. The probability is that within a reasonable time after the execution of the deed the proof could have been made definitely and with certainty whether the south half of Court Square 1 was a part of the dedication.

3. Has there been a breach of the condition in the conveyance? The evidence showed that many years ago the railroad company erected on the lot a freight depot building at a cost of from twelve to fifteen thousand dollars. The evidence for appellant tended to show that a very small proportion of the freight coming into and going out of Jackson over the Yazoo & Mississippi Valley Railroad passes through this depot; that the great bulk of it goes through the freight depot at the Union Station.

On the other hand, it was shown by appellees that the railroads interested kept a man constantly in charge of the depot, ready to receive or ship out any freight offered, and that freight, although small in amount when compared with that handled by the depot at the Union Station, was constantly passing through this depot. In other words, the evidence shows that it is still a public convenience, although not to as large an extent as it was at one period. Courts of equity do not look upon forfeitures with favor; the necessary conditions to bring it about must be clearly proven. We are of the opinion that the evidence falls short.

Affirmed.