STATE OF NEBRASKA, APPELLEE, V. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.

10 N. W. (2d) 631

FILED JULY 23, 1943. No. 31614.

*Beeler, Crosby & Baskins,* for appellant.

*Walter R. Johnson, Attorney General,* and *Robert A. Nelson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER and CHAPPELL, JJ., and LIGHTNER, District Judge.

YEAGER, J.

This is an action instituted in the district court for Lincoln county, Nebraska, by the state of Nebraska, plaintiff and appellee, against the Platte Valley Public Power and Irrigation District, a public corporation, defendant and appellant. The action grew out of the taking by condemnation of section 16, township 13 north, range 33, west of the 6th P. M. in Lincoln county, Nebraska, without compensating the state of Nebraska as trustee of the public school lands and funds for the interest it had in said land at the time of the condemnation.

Prior to December 1, 1908, the section of land was a part of the public school lands first of the organized territory of Nebraska and thereafter of the state of Nebraska. The history of its dedication to this purpose is fully set forth in *State v. Central Nebraska Public Power and Irrigation District, ante,* p. 153, 8 N. W. (2d) 841, and therefore it becomes unnecessary to repeat it here. On December 1, 1908, the legally empowered agency of the trustee of the public school lands sold this section of land under contract to one P. E. Gunderson for $8,320. Of the purchase price $832 was paid. By the terms of the contract the balance became due 20 years after the date of the contract. The contract bore interest at the rate of 5 per cent. per annum. On Sep-

tember 11, 1928, the contract was extended for a period of 10 years from December 1, 1928. The interest was duly paid on the contract up to and including the year 1934.

The appellant here is a public power and irrigation district organized agreeable to the provisions of Senate File No. 310 of the 1933 session of the Nebraska legislature, as amended. It now appears as section 70-707, Comp. St. Supp. 1941. Among the powers granted to such corporations is that of eminent domain. It purports also to grant the use and occupation of state and other public lands without compensation.

Under the grant of power of eminent domain the appellant, on September 7, 1934, instituted condemnation proceeding and the land in question was condemned and taken. In the condemnation proceeding the value of the land was fixed at $27,200. The value of the interest of Gunderson was fixed at $19,712, or the difference between the entire valuation and the amount still unpaid on his contract of purchase which was $7,488. Gunderson was paid but the balance due on the contract to the state (trustee) has never been paid.

The action here was for $7,488 and interest at 7 per cent. per annum from September 24, 1934.

A jury was waived and the case tried to the court with the result that judgment was rendered in favor of plaintiff and against defendant for $7,488 and interest thereon in the amount of $3,687.84, or a total of $11,175.84. Interest was computed at the rate of 6 per cent. per annum from September 24, 1934. From this judgment the defendant has appealed.

The theory on which the appellant failed and refused to pay the balance due on the contract was that it had the right to take and use state or other public lands in the construction and operation of its works without compensation. On this theory the appellant contends that judgment was erroneously rendered against it.

In *State v. Central Nebraska Public Power and Irrigation District, supra,* we held that the legislature is without

power to make a grant in fee of, or an easement over, public school lands without compensation for the damage for such taking or use.

Also we held that the state as trustee is without power through legislative means or otherwise to bestow a special benefit upon any person or corporation, public or private, at the expense of the *cestui que trust*, the public school system of the state.

On reexamination of the question we find no reason for departure from our former holding. The appellant may not be permitted to claim this special benefit at the expense of the public school system of the state of Nebraska.

Further assignment of error is that appellee was guilty of laches by failure to take timely action to institute and to prosecute the demand for principal and interest.

The action was instituted September 3, 1937, and the issues finally joined by reply on April 1, 1939. Trial was started on October 6, 1942, and judgment was rendered December 12, 1942.

In the condemnation action Charles W. Bryan, then governor of the state of Nebraska, Paul F. Good, attorney general, and Harry P. Conklin, commissioner of public lands and buildings, were served with notice, but appellee failed to appear therein and no appeal was taken.

The matter of service of notice on the duly constituted officials of the state has no significance beyond showing knowledge, actual or constructive, of the condemnation proceeding and the results thereof, since this proceeding is not grounded on irregularity of that proceeding, but on failure of appellant here to perform in accordance with the finding made in the condemnation proceeding.

The general rule is that the doctrine of laches cannot be applied against public rights. In other words laches is not available against the government or state, in a suit by it to enforce a public right, or to protect a public interest. The laches of the officers or agents of the state will not be imputed to the state. *People v. Commercial Union Fire Ins. Co.*, 322 Ill. 326, 153 N. E. 488; *United States v. Commis-*

*sioner of Banks,* 254 Mass. 173, 149 N. E. 883; *Lancaster v. Gray County,* 127 S. W. (2d) (Tex. Civ. App.) 385; *City of Paducah v. Gillispie,* 273 Ky. 101, 115 S. W. (2d) 574.

Certain of the jurisdictions, notably Arizona, Mississippi and Pennsylvania, hold to the contrary. *Blackburn v. United States,* 5 Ariz. 162, 48 Pac. 904; *Commonwealth v. Union Traction Co.,* 327 Pa. St. 497, 194 Atl. 661; *City of Jackson v. Alabama & V. R. Co.,* 172 Miss. 528, 160 So. 602.

This jurisdiction appears never to have announced its position in this regard. It appears, however, in light of reason, that the general rule should be adhered to in those cases where the action deals with a public right, such as the public school lands and funds, which the state as trustee is bound by contract with the United States government and the Constitution of the state to protect and hold inviolate. *State v. Central Nebraska Public Power and Irrigation District, supra.*

The decision here on this point, however, would still be in favor of appellee if it were grounded on the rule announced by the decisions of this jurisdiction with regard to laches in application to private parties.

The rule as most recently announced by this court is as follows: "Laches is not based on the mere passage of time as is a statute of limitations; it is founded upon inequity resulting from changed conditions of the property or the parties." *Neisius v. Henry,* 142 Neb. 29, 5 N. W. (2d) 291. See, also, *Schurman v. Pegau,* 136 Neb. 628, 286 N. W. 921.

There is nothing here to indicate a changed condition by which inequity would be imposed upon or exacted of the appellant by requiring it to pay that which it has illegally withheld since 1934. It has had the use and occupancy of the land as well as the use of the money properly belonging to the public school fund of the state.

Appellant further contends that even if it be required to pay the principal of the claim, that by reason of the delay of appellee in seeking to recover, it should be relieved from the payment of interest. The rule for which appellant contends in this regard is stated in 33 C. J. 190, and is as fol-

lows: "Where interest is claimed as damages, and not by reason of any contract therefor, it will not be allowed if the delay in the payment of the principal debt is the result of the neglect of the creditor to demand and enforce such payment."

Analysis of the decisions supporting the rule discloses that this is not a positive but only a permissive rule to be exercised in the sound discretion of the court in the light of the facts and circumstances disclosed. If under the particular circumstances it would be inequitable because of lapse of time and a failure of diligence to pursue the claim, then interest ought not to be allowed. *Sanborn v. United States,* 135 U. S. 271, 10 S. Ct. 812; *Redfield v. Bartels,* 139 U. S. 694, 11 S. Ct. 683.

Under the facts disclosed by this record we are unable to say that the trial court abused its discretion in the matter of allowing interest.

This permissive rule has its exception. The exception applies where the action is on contract which fixes the rate of interest. In such situation laches will not defeat a recovery of interest. *Redfield v. Ystalyfera Iron Co.,* 110 U. S. 174, 3 S. Ct. 570.

The action here is in damages but the measure is an amount, with interest, found to be due by a court of condemnation on a contract in form and substance required by statute, which amount the appellant has failed to pay. Essentially appellee seeks but to be made whole on its contract of sale of this real estate. We conclude therefore that since the action is for the purpose of making the public school funds whole because of a failure of the contract brought about by an illegal act of the appellant the action is contractual within the meaning of the exception.

The final contention of appellant to which we give attention is that the computation of interest by the trial court was incorrect. The court computed interest at the rate of 6 per cent. per annum from September, 1934, to December, 1942. If interest is to be computed in accordance with statute with regard to contracts of public school lands and

delinquent interest on the purchase price of such lands then the computation is incorrect, but favorable rather than unfavorable to the appellant.

Section 72-206, Comp. St. 1929, provides that unpaid balances on contracts for the sale of educational lands made after April 5, 1907, shall draw interest at 5 per cent. per annum payable annually on January 1 of each year; also that the interest thereon shall draw interest at 7 per cent. per annum. On this basis interest at 5 per cent. from September 24, 1934, to December 12, 1942, would be $3,076.32, which is interest for 8 years, 2 months and 18 days; interest on interest from January 1, 1935, to December 12, 1942, at 7 per cent. would be about $932.78; these two amounts added to $7,488, the balance due under the contract, would amount to $11,497.10.

It can hardly be said that the appellee was not entitled to the benefit of its contract which was drawn in conformity with statute enacted for protection of the public school fund and the guidance of the trustee and its administrative officers.

The error with respect to the judgment is favorable to the appellant, hence, since no cross-appeal was taken, it may not now be disturbed.

The judgment of the district court is affirmed.

AFFIRMED.