**SAFECO INSURANCE CO. OF AMERICA, Plaintiff,**

v.

**CITY OF WATERTOWN, SOUTH DAKOTA, A Municipal Corporation, Defendant.**

**No. 77–1012.**

United States District Court, D. South Dakota, N. D.

Jan. 26, 1982.

Russell B. Holloway, Holloway, Dobson, Hudson & Bachman, Oklahoma City, Okl., and Glen H. Johnson, Banks & Johnson, Rapid City, S. D., for plaintiff.

Kathlynn G. Fadely, Trial Atty., Torts Branch, Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendant United States of America.

William A. Hackett, Austin, Hinderaker & Hackett, Watertown, S. D., for defendant City of Watertown, S. D.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### BACKGROUND

The crash which destroyed the Saberliner aircraft which was the subject of this lawsuit occurred on June 14, 1975. On December 31, 1981 this Court entered judgment for plaintiff for the full stipulated value of the aircraft, $1,787,872. 529 F.Supp. 1220. Plaintiff has now moved for an award of prejudgment interest, running from June 18, 1975, the date on which plaintiff claims the aircraft was determined to have been a total loss and payment to plaintiff's insured made, to the date of judgment, a total award of interest of $918,966.94. The Court finds, however, that there are certain periods of this time for which an interest award may not be made, and also that plaintiff's rate for a portion of the time is incorrect, and reduces the award to $512,226.18.

### DISCUSSION

The parties having stipulated to the amount of damages sustained by plaintiff,

and no evidence having ever come before this Court suggesting that these damages were not "certain, or capable of being made certain by calculation", SDCL 21–1–11, it is clear that plaintiff is entitled to an award of prejudgment interest. It then becomes necessary to determine under which statute this interest is to be determined: SDCL 54–3–4, as claimed by defendant, or SDCL 54–3–5, as claimed by plaintiff. The language of these statutes as they are currently written is as follows:

SDCL 54–3–4. Under an obligation to pay interest, no rate being specified, interest is payable from date of incurrence of debt, unless the parties have otherwise agreed, at the rate of twelve percent per annum, and in the like proportion for a longer or shorter term; but in the computation of interest for less than a year, three hundred sixty days are deemed to constitute a year.

SDCL 54–3–5. Unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at a rate of eighteen percent per annum, after they become due on any instrument of writing, and on moneys lent, or due on any settlement of accounts, from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him.

■ The interest rate under SDCL 54–3–4 was six percent until July 1, 1980, when it became its present twelve percent. The interest rate under SDCL 54–3–5 claimed by plaintiff to be applicable here, is six percent until June 30, 1980; from July 1, 1980 through June 30, 1981 it was twelve percent; after July 1, 1981 the rate became eighteen percent. There seems to be some confusion as to which of these statutes is the correct one to use in computing prejudgment interest, *compare Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1013 (8th Cir. 1978) (SDCL 54–3–4) *with Northern Improvement Co., Inc. v. South Dakota State Highway Commission*, 314 N.W.2d 857 (S.D. 1982); *Hulstein v. Meilman Food Indus-*

*tries*, 293 N.W.2d 889, 891 (S.D.1980) (SDCL 54–3–5). None of these cases discuss the question of which statute is to be applied in any particular case, giving this Court no clear precedent to follow. From a reading of the two statutes, however, it would appear that the language of SDCL 54–3–5, declaring the rate of interest on moneys "after they become due on any *instrument of writing, and on moneys lent, or due on any settlement of accounts ... and on moneys received to the use of another and detained from him*", seems to limit its applicability to cases in which those fact situations are present. Such is not the fact situation here. Rather, this negligence action for property damage clearly appears to fall under the general language of SDCL 54–3–4 that simply states the rate "[u]nder an obligation to pay interest." Plaintiff's demand for prejudgment interest will therefore be determined at the rate set forth in SDCL 54–3–4.

■ Next, the question is presented of the date from which interest is to be declared to run. SDCL 21–1–11 does, of course, say that when a right to recover is vested in a plaintiff on "a particular day, [the plaintiff] is entitled also to recover interest thereon from that day." Plaintiff does not contend that the amount of damages were certain on the date of the accident, June 14, 1975. Plaintiff does argue, however, that the damages were certain and vested on June 18, 1975, when plaintiff alleges in its brief that it "ascertained the totality" of the loss and paid its insured for the wrecked aircraft. Plaintiff relies on *White Motor Corp. v. Northland Insurance Co.*, 315 F.Supp. 689 (D.S.D.1970), as authority for this argument. *See also Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287 (8th Cir. 1980). In *White Motor*, the interest was determined to run from the date of the completion of the repair of a truck. It must be observed, however, that this date had clearly been in the evidence presented to the Court in the trial.[1] Here, however,

---

1. A similar distinction can be made with regard to *Bauer v. Uniroyal Tire Co.* In that case, the

court awarded interest from the date of the conversion of the tires that were the subject of

plaintiff points to none of the evidence presented at trial as a basis for the date of June 18, 1975, and the Court was able to find none. Apart from the bare assertions in its brief in support of its motion for pre-judgment interest, the first date in the record at which it appears that the damages had been made certain is the date of the filing of the complaint, June 13, 1977. The Court will therefore calculate the interest from that date.

Finally, the Court must consider the effect of the repeated requests for continuances made by plaintiff. This case was originally set for trial on June 16, 1980. By letter dated May 13, 1980 and attached to this opinion as Exhibit A, plaintiff's counsel asked for a continuance. The Court, by an order filed May 22, 1980, immediately re-scheduled the trial for August 6, 1980, but by letter dated June 6 and attached to this opinion as Exhibit B, plaintiff's counsel again requested a continuance. The Court then set this case for trial on October 14, 1980, but due to pressures in the Court's criminal docket, the Court was obliged to reschedule the trial to January 12, 1981. By letter dated November 4, 1980 and attached to this opinion as Exhibit C, plain-tiff's counsel requested a continuance. By further letter dated December 5, 1980, and attached to this opinion as Exhibit D, plain-tiff's counsel rejected earlier proposed trial dates and requested a trial date of April 6, 1981. This case was accordingly scheduled for trial on April 6, 1981. This date became impractical on March 18, 1981, when plaintiff moved for dismissal without prejudice of its complaint as against the United States so that plaintiff could make good its non-compliance with certain requirements of the Federal Tort Claims Act. The case

was thereafter rescheduled for May 18, 1981, and was finally tried on that date.

 The language of SDCL 21-1-11, provides that a plaintiff is entitled to pre-judgment interest from the date on which the damages became certain "except during such time as the debtor is prevented by law, *or by the act of the creditor,* from paying the debt." (emphasis supplied). This language does not seem to have ever been construed by the South Dakota courts, but it would appear to be a codification of the rule that "[w]here interest is claimed as damages, and not by reason of any contract therefore, it will not be allowed if the delay in the payment of the principal debt is the result of the neglect of the creditor to de-mand and enforce such payment." *State v. Platte Valley Public Power & Irr. Dist.,* 143 Neb. 661, 10 N.W.2d 631, 634 (1943); *see also Redfield v. Bartels,* 139 U.S. 694, 11 S.Ct. 683, 35 L.Ed. 310 (1891); *United States v. Sanborn,* 135 U.S. 271, 10 S.Ct. 812, 34 L.Ed. 112 (1890). The Court must find that where, as here, a defendant ap-pears to have been consistently ready to go to trial, but that repeated delays in the commencement of the trial were caused by plaintiff's unilateral acts, it would be most inequitable to award plaintiff pre-judgment interest during these periods of delay, espe-cially where the periods of delay were of such substantial length. Plaintiff will therefore be denied pre-judgment interest for all time between June 16, 1980, when the case was originally scheduled for trial, and May 18, 1981, when the case was actu-ally tried, except for the period between October 14, 1980 and January 12, 1981, when the Court was obliged to continue the case on its own motion. The award of pre-judgment interest will be as follows:

the suit. The property involved there was property the value of which could be easily determined as of any particular date which might happen to be in the record before the court. Here, again, plaintiff concedes that the

value of the Saberliner was not certain as of the date of the accident, and no date showing that the value had been made certain is in the record until the filing of the complaint.

June 13, 1977 through June 16, 1980,
at a rate of six percent . . . . . . . . . . . .$322,710.90

October 14, 1980 through January 12,
1981 at a rate of twelve percent . . . . . 54,232.36

May 18, 1981 through December 31,
1981 at a rate of twelve percent . . . . . 135,282.92

TOTAL . . . . . . . .$512,226.18