REQUESTED BY: Honorable Tom Vickers State Senator State Capitol Lincoln, NE 68509
Dear Senator Vickers:
This is in response to your inquiry of January 31, 1983, in which you ask whether the Legislature may constitutionally direct and limit the sale or rental of school lands to a specific group of potential buyers or renters as proposed by Sections 8, 9, and 10 of LB 339.
To the extent that Sections 8, 9, and 10 of LB 339 would assume direct control over the public school lands and remove the control of the Nebraska State Board of Educational Lands and Funds, said Sections would be unconstitutional.
The Nebraska Constitution provides that public school lands and the income therefrom are held in trust for educational purposes. State ex rel. Ebke v. Board of EducationalLands and Funds, 159 Neb. 79, 65 N.W.2d 392 (1954).
The designation of the public school lands as a trust in the Constitution has the effect of incorporating into the constitutional provisions the rules of law regulating the administration of trusts and the conduct and duties of trustees.State ex rel. Belker v. Board of Educational Landsand Funds, 184 Neb. 621, 171 N.W.2d 156 (1969).
Consequently, the state `as trustee of the lands and of the income therefrom, is required to administer the trust estate under the rules of law applicable to trustees acting in a fiduciary capacity.' Probst v. Board of EducationalLands and Funds, 156 Neb. 226, 55 N.W.2d 653 (1952); See, also, State ex rel. Ebke, Id., and Banks v. State,181 Neb. 106, 147 N.W.2d 132 (1966).
One aspect of the trustee's duty to act in a fiduciary capacity is summarized in relatively absolute terms by the Nebraska Supreme Court in the case of State v. Platte ValleyPublic Power and Irrigation District, 143 Neb. 661,10 N.W.2d 631 (1943). There the court said:
 The state as trustee of public school lands is without power through legislative means or otherwise to bestow a special benefit upon any person or corporation, public or private, at the expense of the cestui que trust, the public school system of the state.
To the extent that Sections 8, 9, and 10 of LB 339 would `assume direct control over the public school lands and remove the control of the Board of Educational Lands and Funds,' said Sections would be `unconstitutional, null and void.' State v. Central Nebraska Public Power and IrrigationDistrict, 143 Neb. 153, 8 N.W.2d 841 (1943).
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General