**NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND, James Carlton, Rocco DePerno, Jack N. Davis, Nicholas Robilotto, John Pryshlak, Ervin Walker, and Kenneth Slate, as Trustees of the New York State Teamsters Council Health and Hospital Fund, Plaintiffs,**

v.

**CITY OF UTICA, Defendant.**

**No. 84–CV–701.**

United States District Court,
N.D. New York.

Sept. 24, 1986.

---

Rocco A. DePerno, Utica, N.Y., for plaintiffs; Frederick W. Murad, of counsel.

Armond J. Festine, Corp. Counsel for City of Utica, Utica, N.Y., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

McAVOY, District Judge.

On April 16, 1986, a bench trial was held in the above-captioned matter. On the basis of the evidence adduced at that trial and the applicable law, this Court finds that the plaintiff is entitled to judgment in the amount of $140,167.24 plus costs and a reasonable attorney's fee. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.[1]

### Findings of Fact

1. Plaintiff New York State Teamsters Council Health and Hospital Fund (the "Fund") is an "employee benefit plan" as that term is defined in section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3), with its place of business at 7 Rutger Park, Utica, New York.

2. Plaintiffs James Carlton, Rocco De-Perno, Jack N. Davis, Nicholas Robilotto, John Pryshlak, Ervin Walker, and Kenneth Slate were, at the time this action was commenced, the trustees of the Fund.

3. Defendant City of Utica is a municipal corporation under the law of New York and is a participating employer in the Fund.

4. During the time period September 1, 1977 to March 31, 1981, the New York State Teamsters, Local No. 182 (the "Union") and the defendant were parties to a collective bargaining agreement covering individuals employed in the defendant's Department of Public Works ("DPW"), Auditorium, and Sign Shop (the "bargaining unit"). *See* Plaintiffs' Exhibit 2.

---

1. To the extent that the Court's findings of fact include conclusions of law and its conclusions of law include findings of fact, such findings and conclusions are incorporated by reference into one another.

5. During that same period of time, the Union and the defendant were parties to a series of New York State Teamsters Council Health and Hospital Fund participation agreements which required the defendant to make contributions to the Fund in specified amounts on behalf of all employees covered by the agreements. *See, e.g.,* Plaintiffs' Exhibit 3. Under the terms of these agreements, eligible employees were provided with health and hospital benefits.

6. In May 1980, the Union and the defendant entered into a series of other agreements under which the defendant was required to make specified contributions to the Fund on behalf of employees not previously covered by prior agreements, including the City of Utica Professional Firefighters' Association, CSEA bargaining unit employees, police, and others. *See* Plaintiffs' Exhibits 4, 5, 6, and 7. Under the terms of these additional agreements, eligible employees were provided with dental and optical benefits.

7. Under all of the Fund participation agreements, the Fund was authorized to audit the defendant's payroll records at a mutually convenient time in order to determine whether the defendant was complying with the terms of the agreements.

8. In early 1982, the Fund conducted an audit of the defendant's books and determined that the defendant had failed to make required contributions on behalf of various employees. *See* Plaintiffs' Exhibit 9.

9. By letter dated March 1, 1982, the defendant was notified that $141,408.67 was due and owing from the defendant to the Fund. *See* Plaintiffs' Exhibit 10. When the defendant refused to pay this amount, the plaintiffs commenced this action on May 17, 1984.

10. By oral motion at trial, plaintiffs' counsel reduced the total amount claimed due and owing from $141,408.67 to $140,167.24. This amount consists of unpaid contributions in the amount of $121,254.66, ten percent (10%) liquidated damages in the amount of $12,125.58, and auditor's fees in the amount of $6,787.00. *See* Plaintiffs'

Exhibit 8. In addition, the plaintiffs request an award of costs and attorney's fees incurred in prosecuting this action.

11. The unpaid contributions claimed due and owing by the plaintiff were derived from several sources. The bulk of the monies were attributable to bargaining unit work performed by non-Union CETA employees of the defendant's DPW, Auditorium, and Sign Shop. These amounts totalled $108,185.85 plus 10% liquidated damages. The remainder of the deficiency, $13,068.81, related to so-called bookkeeping errors of the defendant with regard to employees in the DPW, Auditorium, Fire Department, and other City departments.

12. The defendant claims that the plaintiffs are not entitled to the amounts attributable to bargaining unit work performed by CETA employees because the participation agreement relating to those employees is unenforceable for lack of consideration and mutuality of obligation. In this regard, the defendant argues that it was not required to contribute to the Fund on behalf of these employees because it was already providing the employees with health and hospital benefits from another carrier and even if the contributions were made, the Fund was not required to provide coverage for non-Union workers. In addition, the defendant maintains that the agreements are unenforceable because the mayor, the official who signed the agreements, lacked the authority to execute the agreements on behalf of the defendant.

13. The defendant also challenges the accuracy of the plaintiffs' audit but has submitted no evidence to support its challenge.

### Conclusions of Law

1. Jurisdiction in this case is predicated upon 29 U.S.C. § 1132(e).

2. The collective bargaining agreement between the defendant and the Union and all of the Fund participation agreements are supported by ample consideration and therefore, are valid and enforceable. The mere fact that certain employees

for whom contributions are made may not be eligible for benefits because they are not Union members does not relieve the defendant of its obligation to make contributions to the Fund on behalf of such individuals. Both the collective bargaining agreement and the Fund participation agreements unequivocally include within their terms, all employees in the covered departments performing bargaining unit work whether they are Union members or not. In this situation, the defendant was required to make contributions to the Fund on behalf of all employees performing bargaining unit work, including non-Union CETA employees. *See Teamsters' Local 348 Health and Welfare Fund v. Kohn Beverage Co.,* 749 F.2d 315, 318–19 (6th Cir.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985); *Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 622–24 (3d Cir.1984); *Central States, Southeast and Southwest Areas Pension Fund v. Capitol City Lumber Co.,* 627 F.Supp. 974, 978–80 (W.D.Mich.1985). Despite this fact, the defendant failed to make such contributions. Accordingly, the defendant is now liable to the plaintiffs for the unpaid contributions attributable to bargaining unit work performed by CETA employees. The defendant's contention that the mayor lacked the authority to bind the defendant to the agreements at issue is without merit.

■ 3. The plaintiff has also proved by a preponderance of the evidence that the defendant failed to make contributions to the Fund on behalf of various employees in the amount of $13,068.81 because of errors of omission on the part of the defendant. Although the defendant disputes the accuracy of the plaintiffs' audit, it has failed to come forward with any evidence whatsoever to dissuade the Court from its conviction that the audit accurately reflects the amounts due and owing from the defendant to the plaintiffs.

■ 4. As a result of the defendant's failure to make contributions to the Fund, the plaintiffs exercised their right under the participation agreements to audit the defendant's books and eventually commenced this action to recover the delinquint contributions. Under the terms of the participation agreements, the plaintiffs are entitled to recover the cost of the audit from the defendant.

■ 5. Pursuant to 29 U.S.C. § 1132(g)(2), the plaintiffs, having prevailed in this action to enforce the provisions of 29 U.S.C. § 1145, are also entitled to an award of interest on unpaid contributions at the rate provided by 26 U.S.C. § 6621 to be calculated from March 1, 1982, the date the plaintiffs demanded payment of the unpaid contributions, liquidated damages equal to ten percent (10%) of the amount of unpaid contributions as provided by the participation agreements, the costs of maintaining this action, and a reasonable attorney's fee once plaintiffs' counsel provides the Court with contemporaneous time records detailing for each attorney the billing rate, the date of the work, the hours expended, and the nature of the work done. *See New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir.1983).

WHEREFORE it is hereby

ORDERED that within thirty days after entry of this Order the plaintiffs are directed to submit a proposed form of judgment to the Court awarding the plaintiffs judgment in the amount of $121,254.66 in unpaid contributions, $12,125.47 in liquidated damages, plus interest on the unpaid contributions from March 1, 1982 at the rate provided by 26 U.S.C. § 6621, auditor's fees in the amount of $6787.00, and the costs they have incurred in prosecuting this action, and it is further

ORDERED that the plaintiffs' request for an award of attorney's fees is granted and the plaintiffs are directed to submit to the Court within thirty days after entry of this Order, documentation supporting their request so that the Court can determine the amount of the award.

IT IS SO ORDERED.