**MALDEN MILLS INDUSTRIES, INC., Plaintiff,**

v.

**ILGWU NATIONAL RETIREMENT FUND, et al., Defendants.**

**Civ. A. Nos. 88–0681–C, 91–10290–C.**

United States District Court, D. Massachusetts.

Aug. 29, 1991.

---

**2.** Work period is specifically defined in 29 C.F.R. § 553.224.

E. Randolph Tucker, Hill and Barlow, Boston, Mass., for plaintiff.

K. Peter Schmidt, Arnold & Porter, Washington, D.C., John McMahon, Angoff, Goldman, Manning Ryle, Wagner & Hiatt, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the defendants', ILGWU National Retirement Fund and certain of its trustees (collectively the "Pension Fund" or "Fund"), motion for attorney's fees and costs pursuant to sections 1132(g)(2) and 1451(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (1978), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). In a memorandum and order dated July 1, 1991, this Court granted the Fund's motion for summary judgment against the plaintiff, Malden Mills Industries, Inc. ("Malden"). 766 F.Supp. 1202. Specifically, the Court held that Malden withdrew from the Fund on May 15, 1987, and that Malden was liable for delinquent contributions made to the plan for the period from December 1, 1986, to May 15, 1987. The Court also held that Malden was not entitled to a refund or credit of contributions made to the Fund for the period from January 1, 1986, to December 1, 1986. Pursuant to the Court's direction, the parties have submitted supplemental memoranda on the issue of the Fund's entitlement to fees and costs in connection with its successful motion for summary judgment. For the reasons stated below, the defendants' motion for attorney's fees should be granted in part and denied in part.

■ An award of attorney's fees and costs is available on both a discretionary and mandatory basis under the MPPAA. Section 1451(e) provides for a discretionary award by the Court of costs and expenses, including attorney's fees, to the prevailing party in a civil action brought under the MPPAA. *See* 29 U.S.C. § 1451(e) (1980); *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 257–58 (1st Cir.1986). Section 1132(g)(2), in contrast, provides for an award of mandatory attorney's fees and other costs associated with claims brought under 29 U.S.C. § 1145 (1980) to recover delinquent contributions. The Fund seeks an award under both provisions.

■ This Court will first address the Fund's request for fees and costs under section 1132(g)(2). Section 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20% of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (1980). It is well-established that the remedies under this section are mandatory in all actions to collect delinquent contributions. *See Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988) (an award under section 1132(g)(2) is mandatory when the fund is the prevailing party); *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Servs. Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (same); *Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 23 (1st Cir.1988) (same). The present action, however, in-

volved three major issues: the date of Malden's withdrawal from the Fund for purposes of assessing withdrawal liability, a delinquent contribution claim, and whether Malden was entitled to a credit or refund of payments made to the Fund during 1986. Therefore, the Fund's recovery of fees and costs under section 1132(g)(2) should be limited to those fees relating solely to the delinquent contribution claim.

With respect to attorney's fees, the Fund argues that it is entitled to recover attorney's fees incurred in connection with all three issues because the claims involved a single issue: the date of Malden's withdrawal from the fund. The Court finds this argument to be without merit. Although the three claims may have involved some overlapping issues, the plain language of section 1132(g)(2) only allows recovery of attorneys' fees resulting from a delinquent contribution claim arising under section 1145. *See Gerber Truck*, 870 F.2d at 1156; *Starrett Paving*, 845 F.2d at 23.

■ The next issue, therefore, is how much the Fund expended in litigating that claim. It is the Fund's burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates. *Grendel's Den Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.1984) (detailed contemporaneous time record are required). Here, Malden has not challenged the reasonableness of the hourly rates or time expended. It argues, however, that the Fund's affidavits and time sheets do not adequately demonstrate what portion of its fee request is related to the delinquent contribution claim. The affidavits submitted by the Fund detail the time and rates of the attorneys working on the matter, but they do not segregate the fees into the time spent on each of the principal claims. In other words, the affidavits and time reports do not indicate the hours which were devoted solely to the delinquent contribution claim. Under these circum-

stances, the Court concludes that an apportionment of the Fund's application is necessary.

Upon consideration of the material submitted by the parties, the Court determines that one-third of the time documented, after the stay was lifted on December 31, 1990, was reasonably expended solely on the delinquent contribution claim. Based on the detailed time and expense reports, approximately 142 hours were expended by the Fund's attorneys after December 31, 1990, at an average hourly rate of $225.00. Thus, in light of the complexity of the delinquent contribution claim and the total work product, the Court finds that an award of $10,666.00 in attorney's fees and $2,180.00 in expenses is reasonable under the circumstances.

■ The next issue this Court must address is the amount of interest and liquidated damages to be awarded to the Fund under section 1132(g)(2). This section also mandates an award of double interest on the unpaid contributions, computed at a rate provided by 26 U.S.C. § 6621 (1988),[1] to be calculated from the date the Fund demanded payment of the delinquent contributions until the date of judgment. *See* 29 U.S.C. § 1132(g)(2); *New York State Teamsters Council Health and Hosp. Fund v. Utica*, 643 F.Supp. 619, 622 (N.D.N.Y.1986) (interest on unpaid contributions calculated from date of demand). It was not until the stay was lifted on December 31, 1990, that the contribution claim was first addressed by this Court.

Although Malden agrees that the interest should begin to accrue on September 3, 1988, the date of demand, it argues that the Court should suspend the running of interest and liquidated damages for the period during which the delinquent contributions claim was stayed by the Court, August 5, 1988, through December 31,

---

**1.** Section 1132(g)(2) provides that "interest on unpaid contribution shall be determined by using the rate provided under the plan, or, if none, the rate provided under section 6621 of Title

26." The parties agree that the plan documents do not specify an interest rate on delinquent contributions, therefore, the rate prescribed un-

1988.[2] In similar contexts, courts have suspended the running of prejudgment interest during periods of delay in the proceedings. *See, e.g., Sanders v. John Nuveen & Co.*, 524 F.2d 1064, 1075 (7th Cir. 1975) (interest should be suspended if final judgment is unreasonable delayed due to the actions of the plaintiff); *Leonen v. Johns–Manville Corp.*, Civ. No. 82–2684, 1988 WL 98528 (D.N.J.1988) (LEXIS, GENFED Library) (no interest for period during which case was formally stayed); *Safeco Ins. Co. v. Watertown*, 538 F.Supp. 49, 52 (D.S.D.1982) (interest suspended during delay in commencement of trial); *Getty Oil v. Catalytic, Inc.*, 509 A.2d 1123, 1124 (Del.Super.1986) (no interest for period of delay in prosecution of an action).

In this case, it was the Fund that moved for a formal stay in the proceedings pending the issuance of the arbitrator's decision. It would be inequitable to impose such an extra cost due to the delays caused by the Fund's litigation strategy. *See Sanders*, 524 F.2d at 1075. Thus, the Fund will be denied interest and liquidated damages for the time between August 5, 1988, when the Court formally stayed the delinquent contribution claims, and December 31, 1990, when the stay was lifted upon the issuance of the arbitrator's final award.

■■■ The final issue this Court must address is whether the Fund is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 1451(e) (1980). The Fund claims entitlement to the remainder of its fees under section 1451(e) which allows for the discretionary award of fees and costs in ERISA actions. This section provides "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451(e) (1980). Courts awarding attorney's fees under section 1451(e) have gen-

erally focused on five factors in considering whether an award is appropriate. *See, e.g., Gray*, 792 F.2d at 257–58; *Miles v. New York State Teamsters Conference Pension & Employee Pension Benefit Plan*, 698 F.2d 593, 602 n. 9 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir.1983). These factors are:

1. the degree of bad faith or culpability of the losing party;

2. the ability of such party to personally satisfy an award of fees;

3. whether such award would deter other persons acting under similar circumstances;

4. the amount of benefit to the action as conferred on the members of the pension plan; and

5. the relative merits of the parties' positions.

*Gray*, 792 F.2d at 257–58. The five factor test is a flexible one, developed to give guidance to courts in exercising the discretion provided for under the statute. *Id.* at 258. The factors are only guidelines, and not every factor must be considered in each case. *Id.; Carpenters Southern Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir.1984) (no one factor decisive and some may not be pertinent). Nor should any one factor be dispositive. *Id.* at 258–59.

Applying these factors to the facts of the present case, it is apparent that the Fund's request for attorney's fees under section 1451(e) should be denied. It is clear that Malden displayed no culpability or bad faith. Moreover, Malden was not engaged in any conduct which should be deterred. It is obvious that Malden acted in a manner to attempt to reduce its withdrawal liability. Such action is not, however, an indication of bad faith. While Malden has ulti-

---

der 26 U.S.C. § 6621 (1988) will govern the computation of interest and liquidated damages.

**2.** Malden argues that the interest should also be suspended from April 1, 1988, through August 8, 1988, the period of the court proceedings on the arbitrability of the withdrawal liability claim. Malden contends that the delinquent contribu-

tion claim was informally stayed while the arbitrability issue was being considered. Absent a formal stay of the proceedings, however, there is no exceptional circumstance warranting the preclusion of prejudgment interest. *Sanders*, 524 F.2d at 1075.

mately been unsuccessful, Malden, along with the union, took a colorable legal position in this case in this uncertain area of law. In that this case raised novel legal issues, Malden cannot be expected to have known the strength of its legal position. Thus, this Court rejects the Fund's request for additional attorney's fees under section 1451(e).

For all the reasons stated above, the defendants' motion for attorney's fees and costs should be granted in part and denied in part.

Order accordingly.

### JUDGMENT

In accordance with the memorandum filed on this date, it is hereby ORDERED:

1. Plaintiff, Malden Mills Industries, Inc. ("Malden"), is found and declared to have withdrawn from defendant, ILGWU National Retirement Fund (the "Fund") on May 15, 1987, within the meaning of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

2. Malden owes withdrawal liability to the Fund in the amount of $5,225,563.00 based on a 1987 withdrawal and is required to pay that liability in accordance with the schedule of payments established by the Fund.

3. Malden is not entitled to recover any contribution payments made to the Fund during 1986.

4. The Fund shall have judgment against Malden for the following additional amounts:

a. $651,166.81, representing unpaid contributions owed to the Fund for the period December 1, 1986 through May 15, 1987;

b. Interest and liquidated damages on the unpaid contributions (4.a) should commence on the date of demand, September 3, 1987, and be suspended for the period August 5, 1988, through December 31, 1990, calculated at the rate provided by 26 U.S.C. 6621 (1988) and 29 U.S.C. 1132(g)(2) (1980). The Court orders Malden to submit these calculations to the Court by September 13, 1991.

c. $12,846.00, representing attorney's fees and expenses pursuant to 29 U.S.C. § 1132(g)(2) (1980).

5. Both complaints are hereby dismissed with prejudice.